UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON HUMES,

    Plaintiff,

v.

SACRAMENTO COUNTY JAIL, et al.,

    Defendants.

No. 2:17-cv-1870 MCE AC P

ORDER

I. Introduction

Plaintiff is a Sacramento County Jail detainee proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By orders filed September 15, 2017, and October 2, 2017, this court provided guidance to plaintiff on how to proceed. See ECF Nos. 3, 8. Currently pending are four requests from plaintiff: to proceed in forma pauperis, to file an amended complaint, to obtain appointed counsel, and to obtain a temporary restraining order. See ECF Nos. 10, 11, 12. By this order, plaintiff's requests to proceed in forma pauperis and to file an amended complaint are granted; plaintiff's requests for appointment of counsel and for a temporary restraining order are denied without prejudice as premature.

II. In Forma Pauperis Request

Plaintiff has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. See ECF No. 10. Although the certificate portion at the end of the application

1

was not completed by a jail official, plaintiff has provided the necessary information in a separately filed copy of his jail trust account statement for the six-month period preceding the filing of his complaint, as required by 28 U.S.C. § 1915(a)(2). See ECF No. 11 at 2.

Plaintiff has made the showing required by 28 U.S.C. § 1915(a). Accordingly, his request to proceed in forma pauperis will be granted.

Nevertheless, plaintiff is required to pay the statutory filing fee of $350.00 for this action over time with periodic deductions from his prison trust account. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Leave to File a First Amended Complaint

Plaintiff has filed a complaint that states a potentially cognizable Fourteenth Amendment claim for the use of excessive force, but fails to identify all of the defendants. See ECF No. 9 (naming only Sacramento County Sheriff Scott Jones and four "unknown" deputies).

Plaintiff subsequently filed a motion requesting to add five additional named defendants. See ECF No. 12. Plaintiff will be given a new complaint form for the purpose of filing a First Amended Complaint that identifies all of the defendants and reframes plaintiff's allegations. Plaintiff is informed of the following requirements for stating cognizable excessive force claims against specific defendants.

The Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment's proscription against cruel or unusual punishment, applies to a pretrial detainee's claim of excessive force. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473-76 (2015). "[P]retrial detainees (unlike convicted prisoners) cannot be punished at all." Id. at 2475. The Due Process protections accorded pretrial detainees are "potentially more expansive" than

those under the Eighth Amendment. Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) (citing Kingsley, 135 S. Ct. at 2475). Under the Fourteenth Amendment, "courts must use an objective standard" to decide whether "force deliberately used is . . . excessive," and "objective reasonableness turns on the 'facts and circumstances of each particular case.'" Kingsley, 135 S. Ct. at 2472-73 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). The following considerations "illustrate the types of objective circumstances potentially relevant to a determination of excessive force:" "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Kingsley at 2473.

To state a cognizable excessive force claim against a particular officer, and meet the notice requirements of Rule 8(a), Federal Rules of Civil Procedure, plaintiff must allege an affirmative link or connection between each defendant and the conduct plaintiff challenges. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir.1982). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To state a cognizable excessive force claim against Sheriff Jones in his individual capacity, plaintiff must plausibly allege that Jones "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); accord Preschooler II v. Clark County, 479 F.3d 1175, 1182 (9th Cir. 2007). Liability may not be imposed on a supervisor under a theory of respondeat superior, because

3

every defendant is liable only for his or her own alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Stated differently:

> Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others. In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms.

Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009) (citations and internal quotation marks omitted).

In contrast, to state a cognizable excessive force claim against Sheriff Jones in his official capacity (and hence against Sacramento County), plaintiff must allege "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989). "[A] municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" Id. at 389 (quoting Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978)). "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. On the other hand, "where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – [] a city [can] be liable for such a failure under § 1983." City of Canton, 489 U.S. at 389.

IV. Request for Appointment of Counsel

Plaintiff has submitted a second request for appointment of counsel. See ECF No. 11. Plaintiff's request remains premature until there is an operative complaint in this case. Therefore, plaintiff's request will be denied without prejudice.

Plaintiff is informed that he is not entitled to an attorney as a matter of right. This court

1  has no authority to require an attorney to represent an indigent prisoner in a civil rights action.
2  Mallard v. United States District Court, 490 U.S. 296, 298 (1989). Only in certain exceptional
3  circumstances may a district court request the voluntary assistance of a willing attorney. See 28
4  U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
5  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Whether exceptional circumstances exist
6  in a particular case requires an assessment of the plaintiff's likelihood of success on the merits of
7  his claims, and the ability of the plaintiff to articulate his claims pro se in light of the complexity
8  of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986);
9  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners,
10 such as lack of legal education and limited law library access, do not establish exceptional
11 circumstances warranting a request for the voluntary assistance of counsel. Palmer v. Valdez,
12 560 F.3d 965, 970 (9th Cir. 2009).

V. Request for Preliminary Injunctive Relief

In his motion for leave to file an amended complaint, plaintiff seeks a temporary restraining order "to prevent said defendants from retaliating against me." ECF No. 12 at 1. This request is also premature and will be denied without prejudice on that basis.

The legal standards for obtaining a temporary restraining order[1] are essentially identical to those for obtaining a preliminary injunction. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Plaintiff is informed that "[a] preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [] (footnotes omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440 (1944)." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). "The sole purpose of a preliminary injunction is

---

[1] Under Rule 65, Federal Rules of Civil Procedure, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party" only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Obtaining ex parte relief under Rule 65 is limited to situations where notice to the adverse party would likely prove useless. See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (citing cases).

to "preserve the status quo ante litem pending a determination of the action on the merits." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)); see also 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (2d ed. 2010)

In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Finally, a district court may not issue preliminary injunctive relief without primary jurisdiction over the underlying cause of action. Sires v. State of Washington, 314 F.2d 883, 884 (9th Cir. 1963). Additionally, an injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

VI. Leave to File First Amended Complaint

Subject to the legal standards set forth herein, plaintiff may file a proposed First Amended Complaint (FAC) within thirty days after service of this order. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to any prior pleading. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleading is superseded. All pertinent exhibits should be attached to the FAC.

The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

VII. Summary

You have been granted in forma pauperis status to proceed in this action; you will pay the filing fee over time with deductions from your prison trust account.

The court has screened your complaint and found that your allegations state a potentially cognizable claim for the use of excessive force. However, the complaint fails to identify each of the defendants and their respective challenged conduct. The court has informed you of the need to link your factual allegations and legal claims to specific defendants, and of the requirements for stating a cognizable claim against a supervisory official. You have been granted leave to file a First Amended Complaint within thirty days.

Your requests for appointment of counsel and for a temporary restraining order are denied without prejudice as premature.

VIII. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 10, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's motion for leave to file an amended complaint, ECF No. 12, is granted. Plaintiff's complaint, ECF No. 9, is dismissed with leave to file a First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein.

4. Plaintiff's failure to timely file a FAC will result in the dismissal of this action without prejudice.

5. Plaintiff's motion for appointment of counsel, ECF No. 11, and request for a temporary restraining order, ECF No. 12 at 2, are denied as premature.

6.  The Clerk of Court is directed to send plaintiff, together with a copy of this order, the following:  (1) a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983; (2) a copy of plaintiff's original complaint, ECF No. 9 (4 pages); and (3) and a copy of plaintiff's motion to amend, ECF No. 12 (2 pages).

IT IS SO ORDERED.

DATED: October 11, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE