UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>        Defendants. | No. 2:17-cv-1870 MCE AC P<br><br><br><br>ORDER |

I.     <u>Introduction</u>

Plaintiff is a Sacramento County Jail inmate proceeding pro se and in forma pauperis with a First Amended Complaint (FAC) filed pursuant to 42 U.S.C. § 1983. By order filed October 12, 2017, the court screened plaintiff's original complaint pursuant to 28 U.S.C. § 1915A. The court found that plaintiff's factual allegations stated claims for the use of excessive force but the complaint failed to identify the proper defendants, naming only Sacramento County Sheriff Scott Jones and four "unknown" deputies. <u>See</u> ECF No. 13. Plaintiff was granted leave to file a FAC, which he filed on October 20, 2017. The court now screens the FAC pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the court finds that the FAC states cognizable Fourteenth Amendment claims for the use of excessive force against Sacramento County Sheriff's Deputies Robinson, Allgeier and Krastz, and a Fourteenth Amendment failure-to-protect claim against Sergeant Maberry; the court directs plaintiff to submit the information necessary for the United

1

States Marshal to serve process on these defendants. The court also recommends dismissal of Sheriff Jones for failure to state a cognizable claim. Finally, the court addresses plaintiff's miscellaneous motions.

II. Screening of First Amended Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

The FAC provides more detailed factual allegations than the original complaint and identifies the challenged conduct of each defendant as follows, ECF No. 15 at 4-5:

> Deputy Robins heard me say a cuss word as I signed a write up I held against a wall. I've had 3 brain surgeries and occasionally mumble a cuss word. I can't help it. Deputy Robins grabbed my arm and twisted it so hard that he broke it! Then he tackled me! Then Deputy Allgier and Kratz ran over and jumped in to help Deputy Robins! Despite my NOT resisting and Deputy Robins having me in a headlock and viciously trying to rip my head off! The 3 of them tortured me by bending my limbs in wrong directions for no reason! Then they hand-cuffed me and Sgt. Maberry appeared. I told him my arm was broken. He kept telling me to "shut the fuck up!' He heard me say my arm was broken, yet he let those 3 deputies drag me into a cell and beat me and nearly choke me to death. Then he almost choked me to death. . . . I was laying on the floor on my stomach. . . . Then Deputy Allgier began walking on my back on his bony knees. He kept going up my back to my skull, then back down to my butt! He was trying to damage my spine!

The FAC alleges that, as a result of this incident, plaintiff's left arm was broken, his left ear was deafened, and he is incontinent due to spinal damage. Id. at 4. Plaintiff seeks monetary damages from each defendant. Id. at 6. Plaintiff has separately filed a copy of an "Inmate Incident Report" that recounts the official findings concerning this incident, see ECF No. 25; the court will direct that this document be attached to the FAC.

For the reasons set forth in the court's prior screening order (see ECF No. 13), including a summary of the legal standards for stating a Fourteenth Amendment excessive force claim, the court finds that the FAC states Fourteenth Amendment claims for the use of excessive force against defendants Robinson (Badge # 1237), Allgeier (Badge #110) and Kraatz (Badge # 985).[1] The court also finds that the FAC also states a Fourteenth Amendment failure-to-protect claim[2] against defendant Maberry (Badge # 42).

The FAC no longer names Sheriff Jones. For this reason and for the reasons previously stated by the court in screening plaintiff's original complaint, see ECF No. 13 at 4, the undersigned recommends that Sheriff Jones be dismissed from this action for failure to state a claim.

III. Plaintiff's Pending Motions

Plaintiff has filed two motions asking the court to waive the filing fee for this case, ECF No. 23, and to provide plaintiff with $500 per month to "facilitate discovery and other desired advances" in this case, ECF No. 24. Both requests will be denied. Prisoners are required to pay the full filing fee to commence a civil action, see 28 U.S.C. § 1915(b)(1), and the court has no authority to provide funds to pro se litigants for discovery or other litigation expenses.

---

[1] Notwithstanding the spelling of these defendants' names by plaintiff, it appears that the correct spellings (and badge numbers) are set forth in the Incident Report attached to ECF No. 25.

[2] The legal standards for stating a Fourteenth Amendment failure-to-protect claim were set forth by the Ninth Circuit as follows in Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016), cert. denied sub nom. Los Angeles County, Cal. v. Castro, 137 S. Ct. 831 (2017) (citations, internal quotation marks and footnote omitted):

> [T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved —making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.
> With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case.

3

## IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions requesting financial assistance in the pursuit of this action, ECF Nos. 23 & 24, are denied.

2. This action shall proceed on plaintiff's First Amended Complaint (FAC), ECF No. 15 (6 pages), together with the exhibit set forth in ECF No. 25 (6 pages); the Clerk of Court is directed to electronically attach ECF No. 25 to the FAC at ECF No. 15, and to designate the combined document as the Operative First Amended Complaint.

3. Service of process is appropriate for defendants Robinson, Allgeier, Kraatz and Maberry.

4. The Clerk of the Court is directed to send plaintiff four USM-285 forms, one summons, an instruction sheet, and five copies of the endorsed Operative FAC (see ¶ 2, supra).

5. Within thirty (30) days after service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;
   b. One completed summons;
   c. Four completed USM-285 forms, one for each defendant; and
   d. Five copies of the endorsed Operative FAC.

6. Plaintiff shall not attempt service on defendant or request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. Failure of plaintiff to timely comply with this order will result in the dismissal of this action without prejudice.

Further, IT IS HEREBY RECOMMENDED that defendant Sacramento County Sheriff Scott Jones be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>            Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>            Defendants. | No. 2:17-cv-1870 MCE AC P<br><br><br>NOTICE OF SUBMISSION |

    Plaintiff submits the following documents in compliance with the court's order filed
_____:

    \_\_\_\_        one completed summons form

    \_\_\_\_        four completed USM-285 forms

    \_\_\_\_        five copies of the endorsed FAC

_____    _____
Date                                                        Plaintiff

1