UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1870 MCE AC P<br><br><br>ORDER |

I. Introduction

Plaintiff is a Sacramento County Jail inmate proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. By order filed May 4, 2018, the court found that plaintiff's First Amended Complaint (FAC) (ECF No. 26) states cognizable excessive force claims against defendants Robinson, Allgeier and Krastz, and a failure-to-protect claim against defendant Maberry. See ECF No. 27. All defendants have answered. ECF Nos. 49, 58. By order filed September 26, 2018, the court set the following schedule: the discovery deadline is February 1, 2019, and the dispositive motion deadline is May 3, 2019. See ECF No. 55; see also ECF No. 64. This order addresses the several other matters initiated by plaintiff.

II. Motion for Issuance of a Subpoena Duces Tecum

Plaintiff seeks issuance of a subpoena duces tecum. See ECF No. 61. Plaintiff asks the court to subpoena his medical records from the Sacramento County Jail, for the period August 19,

1

2017 to October 5, 2018, for delivery to the court. Id. Plaintiff will be accorded the opportunity to submit a new motion, with a proposed subpoena that provides delivery to plaintiff or other appropriate recipient (the court is not an appropriate recipient), subject to requirements set forth below. However, plaintiff is informed that he is entitled to review his own medical records and should be able to make independent arrangements with the Jail to obtain copies of pertinent records without resorting to a subpoena. To qualify for issuance of the requested subpoena from this court, plaintiff must demonstrate that his direct efforts to review and obtain his medical records were unsuccessful.

A subpoena duces tecum, served pursuant to Federal Rule of Civil Procedure 45(a)(2), directs a non-party to an action to produce documents or other tangible objects for inspection. Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. See 28 U.S.C. § 1915(d). A subpoena must be personally served or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958).

This court must consider the following requirements before approving service of a proposed subpoena duces tecum. A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

Additionally, courts in this district require that a motion requesting issuance of a subpoena

duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See e.g. Davis v. Ramen, 2010 WL 1948560, *1 2010 U.S. Dist. LEXIS 115432 (E.D. Cal. 2010) (Oberto, M.J.); Williams v. Adams, 2010 WL 148703, *1 2010 U.S. Dist. LEXIS 10248 (E.D. Cal. 2010) (Snyder, M.J.). The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii). Although a subpoena duces tecum commands the "production" of documents, it in fact requires only that access to the document be provided. If plaintiff wishes to have copies of the documents, he may be required to photocopy them or have them photocopied at his own expense.

Subject to these considerations, plaintiff will be provided the opportunity to file a new motion requesting issuance of a proposed subpoena duces tecum, supported by demonstration that plaintiff's direct efforts to review and obtain his medical records from the Jail were unsuccessful. The Clerk of Court will be directed to send plaintiff one blank subpoena form.

### III. Request for Appointment of Counsel

Plaintiff moves, for the third time, for appointment of counsel. See ECF No. 62. The one-paragraph request asserts only that this case presents "technical medical evidence and questioning of medical experts and witnesses to be done. And I can't do it. Thank you." Id. at 1. Plaintiff's prior requests were denied as premature. See ECF No. 8 at 1; ECF No. 13 at 4-5. Although this action now proceeds on an operative FAC, and plaintiff's request is no longer premature, the instant request will be denied without prejudice.

Plaintiff is again informed of the following limitations and requirements in seeking appointment of counsel. This court has no authority to require an attorney to represent an indigent prisoner in a civil rights action. Mallard v. United States District Court, 490 U.S. 296, 298 (1989). Only in certain exceptional circumstances may a district court request the voluntary assistance of a willing attorney. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Whether exceptional circumstances exist in a particular case requires an assessment of the plaintiff's

likelihood of success on the merits of his claims, and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting a request for the voluntary assistance of counsel. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009).

The court finds that exceptional circumstances do not exists at this time.

IV. <u>Miscellaneous Filings</u>

By order filed July 16, 2018, the court admonished plaintiff as follows, ECF No. 44 at 1:

> Plaintiff shall refrain from filing further matters in this action unless so directed by the court; the filing of further frivolous matters in this action may result in the imposition of sanctions. <u>See</u> Local Rule 110 ("Failure . . . of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Notwithstanding the court's admonition, plaintiff has continued to file numerous extraneous matters in this action. <u>See</u> ECF Nos. 60, 63, 66-8. The court addresses these matters ad seriatim. Plaintiff's request for assistance in locating defendant Maberry, ECF No. 60, will be denied as moot. Plaintiff's motion to appear at trial, ECF No. 63, will be denied as premature. Plaintiff's response to the answer filed by defendant Mayberry, ECF No. 66, is not an authorized pleading and will be stricken. Plaintiff's notice regarding his health conditions, ECF No. 67, is irrelevant to the claims in this action and will be ignored. Plaintiff's similar notice filed thereafter, ECF No. 68, is also irrelevant and will be ignored.

Plaintiff is again admonished that filings such as these detract from the time the court can expend on the merits of his case. Any further filing that is determined to be irrelevant or frivolous will result in an order to show cause why monetary and/or other sanctions should not be imposed on plaintiff.

////

////

////

4

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the court's assistance, ECF No. 60, is denied as moot.

2. Plaintiff's motion for issuance of a subpoena duces tecum, ECF No. 61, is denied without prejudice.

3. Plaintiff's third motion for appointment of counsel, ECF No. 62, is denied without prejudice.

4. Plaintiff's motion to appear at trial, ECF No. 63, is denied as premature.

5. Plaintiff's response to the answer filed by defendant Mayberry, ECF No. 66, is not an authorized pleading; the Clerk of Court is directed to strike the response.

6. Plaintiff's notices concerning his health conditions, ECF Nos. 67 & 68, are irrelevant to the claims in this action and shall be ignored.

7. Plaintiff is admonished to file no further frivolous matters in this action at the risk of sanctions.

8. The Clerk of Court is directed to send plaintiff, together with service of this order, one blank subpoena duces tecum form, signed but otherwise blank, pursuant to Fed. R. Civ. P. 45.

DATED: December 13, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE