1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     JON HUMES,                                    No.  2:17-cv-1870 MCE AC P

12                          Plaintiff,

13            v.                                      ORDER

14     SACRAMENTO COUNTY JAIL, et al.,

15                          Defendants.

16

17            I.       Introduction

18            Plaintiff is a Sacramento County Jail inmate proceeding pro se and in forma pauperis with

19     a First Amended Complaint (FAC) filed, pursuant to 42 U.S.C. § 1983, against four Sacramento

20     County Sheriff's Officers (Robinson, Allgeier, Krastz and Maberry).  After all defendants

21     answered the FAC, the court set a February 1, 2019 discovery deadline, and a May 3, 2019

22     deadline for filing dispositive motions.  Currently pending is plaintiff's motion for leave to file a

23     Second Amended Complaint (SAC), ECF No. 72, and proposed SAC, ECF No. 73, and his

24     motion regarding discovery, ECF No. 70.  For the reasons that follow, the court denies plaintiff's

25     motions.

26            II.      Motion for Leave to Proceed on Proposed Second Amended Complaint (SAC)

27            Plaintiff moves for leave to proceed on his proposed SAC and for the court to "attach all

28     of the documents from the FAC to the SAC."  ECF No. 72.

1

1    A court should freely grant leave to amend a pleading when justice so requires. Fed. R.

2    Civ. P. 15(a)(2). "Leave to amend should be granted unless the pleading 'could not possibly be

3    cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs."

4    Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1130,

5    1131 (9th Cir. 2000) (en banc)), cert. denied, 541 U.S. 1063 (2004). "Liberality in granting a

6    plaintiff leave to amend is subject to the qualification that the amendment not cause undue

7    prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district

8    court may consider the factor of undue delay. Undue delay by itself, however, is insufficient to

9    justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)

10   (citations omitted).

11       The proposed SAC, ECF No. 73, attempts to refine the allegations and claims of the FAC,

12   ECF No. 26. The SAC identifies the same defendants, with the addition of badge numbers; the

13   same essential facts are alleged; the same legal claims are asserted as found by the court in

14   screening the FAC; and the same exhibit is attached to both the FAC and SAC. Due to the

15   significant similarities between the FAC and proposed SAC, the court finds that amendment

16   would be futile. Moreover, requiring defendants to answer the SAC and abide by a new

17   scheduling order is not only unnecessary but would be unduly prejudicial. For these reasons,

18   plaintiff's motion for leave to proceed on his proposed SAC will be denied.

19       III.    Plaintiff's Discovery Motion

20       In this mid-December filing, plaintiff averred that he had answered defendants'

21   interrogatories but, because the jail law librarian didn't like plaintiff, it could take an additional

22   two to three weeks to copy and serve his answers. ECF No. 70. Plaintiff also stated that he

23   wanted to compel defense counsel to answer and return his interrogatory concerning plaintiff's

24   February 22, 2017 arrest. Id. Defendants did not file a response to this filing or indicate to the

25   court that there has been any delay in discovery. Due to the insubstantial and contingent nature of

26   plaintiff's concerns, his discovery motion will be denied. Plaintiff is reminded of the court's

27   admonishment that filings found to be irrelevant or frivolous will result in an order to show cause

28   why monetary and/or other sanctions should not be imposed. See ECF No. 69 at 4.

2

IV.     Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed on his proposed Second Amended Complaint (SAC), ECF No. 72, is denied; the Clerk of Court shall strike the proposed SAC, ECF No. 73.

2. Plaintiff's discovery motion, ECF No. 70, is denied.

DATED: January 22, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3