UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>        Defendants. | No. 2:17-cv-1870 MCE AC P<br><br>ORDER |

Plaintiff, a county inmate proceeding pro se and in forma pauperis with this civil rights action, requests appointment of counsel and access to his legal mail. See ECF Nos. 82, 83. Plaintiff is proceeding on claims of excessive force against defendants Robinson, Allgeier and Krastz, and a failure-to-protect claim against defendant Maberry. See ECF Nos. 26, 27. Discovery closed on February 1, 2019, with the limited exception of plaintiff's pursuit of an authorized subpoena duces tecum, now expired. See ECF Nos. 55, 79, 81. Dispositive motions are due May 3, 2019. ECF No. 55.

This is plaintiff's fourth request for appointment of counsel in this case. Plaintiff's earlier requests were denied without prejudice. See ECF Nos. 8, 13, 69; see also ECF No. 75 (district judge denied plaintiff's motion for reconsideration). The instant request, perfunctorily labeled as a "motion to request counsel," asks "if there's a compensation mechanism to pay professionals to assist in Federal Civil Trials," apparently to compensate "a veteran Registered Nurse" whom

1

plaintiff "enlisted" to "track down the files (medical) and hopefully present and explain the vast amount of medical record info at trial." ECF No. 82 at 1.

For the reasons previously stated by this court, this request fails to demonstrate the requisite exceptional circumstances warranting appointment of counsel under 28 U.S.C. § 1915(e)(1). See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Moreover, this court is without authority to compensate plaintiff's medical investigator. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989), and the in forma pauperis statute under which plaintiff proceeds does not authorize the expenditure of public funds for investigators. See 28 U.S.C. § 1915.

Plaintiff next contends that the jail where he is incarcerated "terminated" his incoming and outgoing mail, and asks that the court "make this jail give and send my mail!" ECF No. 83 at 1. The court's receipt of plaintiff's letter, and the lack of apparent interference in plaintiff's legal mail in the instant case, undermine plaintiff's allegations. Moreover, plaintiff's explanation for the alleged interference with his mail lacks coherence.[1] For these reasons, plaintiff's request will be denied.

Plaintiff is reminded of the court's repeated admonishment that he refrain from filing frivolous matters in this case, at risk of this court issuing an order requiring plaintiff to show cause why monetary and/or other sanctions should not be imposed on him. See ECF No. 69 at 4 (including references to prior similar admonishments). Plaintiff's next filings should be limited to the filing of and/or responding to substantive dispositive motions.

////

////

---

[1] Plaintiff avers, ECF No. 83 at 1:
> That's bcuz they shafted me so badly in court! I tried repeatedly to fire my fake lawyer! He wouldn't even talk to me! He blocked my calls to him! And he wouldn't visit me! Then at my trial he didn't have one witness or piece of evidence! He said only 'Submit!'" That's the defense I got! The jury listened to my cocaine addict daughter's lies! Then found me guilty! At least I now have Internal Affairs investigating!

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's fourth request for appointment of counsel, ECF No. 82, is denied without prejudice; and

2. Plaintiff's request for the court's assistance in obtaining access to his mail, ECF No. 83, is denied.

DATED: April 5, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE